The opinion of the court was delivered by
Manning, C. J.
The defendants were convicted of burglary, and were sentenced to confinement at hard labour for eight years.
*268 The charge is, that they “ did in the night-time, and with the felonious intent to steal, feloniously and burglariously break and enter the store of one Jacob King, contrary,” etc.
The first bill of exception is to the admission by the court of evidence to shew that certain articles had been stolen and carried away from the store at the time of the breaking and entering. The defendants’ objection to this is, that they were charged with the breaking and entering with intent to steal, and evidence of actual stealing was therefore inadmissible.
Intent can rarely, if ever, be proved except by an act. The commission of an offence is the best proof of an intent to commit it, or as it is put by a law-writer, “ the act will be prima facie pregnant evidence of an intent to commit it.” Waterman’s Archbold Crim. Pr. & PI. 339-3.
The second bill was to the refusal of the court to permit the recall of a witness under the following circumstances;
A woman named Kelly, a witness for the defendants, swore that Briney Woods had in his possession previous to the trial a cigarette lighter which she minutely described as a piece of red tape, flat in shape, half an inch wide, and of the thickness of four sheets of ordinary letter paper, and about fifteen inches long. The defence having closed its case, the State in rebuttal produced a cigarette lighter found in Wood’s possession at his arrest, and which was then taken from his person. This lighter was round in shape, and a mixture of yellow and black in colour, whereupon the defendants’ counsel asked to recall the woman to say whether or not the lighter produced was the one, or one similar to that which she described. The State objected, and the court sustained the objection on the ground that the witness had already testified upon the point in question, and had described with particularity and positiveness the lighter she had seen in the prisoner’s possession, and on the further ground that the prisoner should not be allowed to introduce evidence in rebuttal of rebutting testimony offered by the State. On the other hand the defendants’ counsel seem to rest their right to introduce their witness again, upon the idea that the State had introduced new evidence in rebuttal, and therefore they had a right to rebut it.
What but new evidence was the State to introduce in rebuttal ? It would be supererogatory, and a useless consumption of time, to re-introduce the testimony in chief. When the State rebuts the testimony of the defendants, its evidence is necessarily new, but it can only be of such matters as are pertinent for a rebuttal. As a general observation, applicable to criminal trials, we think that artificial rules ought not to be so far enforced as to exclude any fact from the jury which would aid *269 them in forming a righteous verdict, however remotely relevant the fact may be, or from whatever source derived. But a motion to reintroduce a witness, who has already testified, or had an opportunity to testify of the matter, must be addressed to the sound discretion of the court. This is juster, and more in accordance with modern construction of the laws of evidence, than to lay down a rigorous rule which could not be relaxed under any circumstances. The discretion of the court will generally be successfully invoked when the testimony has been omitted through mistake or inadvertence, and it has so been held elsewhere. Freligh v. the State, 8 Mo. 606. Vicaro v. Commonwealth, 5 Dana, 504.
The discretion of the judge was well exercised in the refusal complained of. I£ the witness’ description of the ‘lighter’ was correct, she could not have truthfully said, the one produced in evidence was the same she had seen.
A motion in arrest of judgment was made on several grounds;
1. The information is defective as not being in conformity to the common-law principles, established by section 976 of our Rev. Statutes.
This is too vague. That section requires the forms of indictment divested of unnecessary prolixity, the method of trial, etc. in criminal prosecutions, to bo according to the common law. In what respect the forms and method used in the present case differ from the common law is not pointed out.
2. The information is defective in this, that but one person can commit burglary. All others present are accessories before the fact.
No authority is cited to that effect, and we know of none.
3. That the information does not charge that “ the accused feloniously and burglariously did break and enter with intent the goods and chattels of the said Jacob King in the said store there being there in the said store feloniously and burglariously to steal.”
The charge would not have been increased in perspicuity by the employment of this language, and unnecessary prolixity was avoided by not employing it.
4. There is uncertainty as to time, the hour of the night when the burglary was committed not being set out.
It is not necessary that the hour should be specified in the charge. State v. Tazewell, 30 Annual, 884.
Lastly it is urged in the brief, but was not on the trial, that the information is filed without sanction of law, and that the trial should have been by indictment. The contrary has been uniformly held as tO' crimes, not punished capitally, and this is one of them. State v. Anderson, 30 Annual, 557.
But it is insisted that the act establishing the Superior Criminal *270 Court requires all prosecutions, there instituted, to be commenced by-indictment. This is its langnage ; — sec. 6. No indictment shall be found by the grand jury for offences cognisable, or within the jurisdiction of the First District Court for the parish of Orleans ; all trials in said court, except in cases of indictment previous to the passage of this act, shall be’upon information of the Attorney General or district attorney, or attorney acting for either of them. All indictments shall be for offences within the jurisdiction of the Superior Criminal Court and shall be returned into said court. Sess. Acts 1874, p. 220.
The first section of that Act gives to the Superior Criminal Court jurisdiction of all crimes, the punishment whereof is death, or imprisonment for life, or at hard labour for more than five years, together with numerous other offences, and the 4th. section makes that jurisdiction exclusive. If the construction of the defendants’ counsel be correct, there are certain crimes which are permitted to be prosecuted by information, that this act forbids or prevents being thus prosecuted. But the Act in question, though draughted with conspicuous unskilfullness, does not admit of such interpretation. It must be construed along with other acts in pari materia. Its meaning is this. All prosecutions before the First District Court must be by information. All trials upon indictments must be before the Superior Criminal Court. This latter court has exclusive jurisdiction of certain crimes, the punishment of some of which is capital, and others, not. And those not capital may be prosecuted under information.
There is no error in the proceedings of the lower court, and its judgment is affirmed.